UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Germalic,

    Plaintiff,

    v.                            Case No. 2:12–cv–976

Secretary of State John Husted,        Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, challenges the constitutionality of three provisions in the Ohio Revised Code which govern independent candidates running for the office of the President of the United States of America. Defendant moves for summary judgment. Mot. Summ. J., ECF No. 44. For the following reasons, the Court **GRANTS** Defendant's motion.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of Ohio who ran for President of the United States of America in the 2012 election. Defendant is the Ohio Secretary of State, Jon Husted.

Plaintiff's name did not appear on the ballot in Ohio due to his failure to obtain the required number of valid signatures, and Plaintiff sued the Secretary of State about two weeks before the election, seeking only an injunction prohibiting the printing of the ballots so that Plaintiff's name could be added to them. This Court later dismissed the case as moot, but the United States Court of Appeals

for the Sixth Circuit reversed, finding the case was capable of repetition yet evading review.

Since then, Plaintiff has made multiple filings, most of which request an extension of time due to various factors. Plaintiff cited at length both the Bible and various movies in his filings and wrote in what he calls the "narrative style." For example, Plaintiff moved to exceed the Court's page limit in his response to Defendant's thirteen page motion for summary judgment. Mot., ECF No. 45. The motion to exceed was itself seventy-four pages.[1] *Id.* The Court denied the motion and warned Plaintiff that his response to Defendant's motion for summary judgment would be deemed an abandonment of his claims if it was not supported by citation to case law. Order, ECF No. 50.

## II. ANALYSIS

The Court has read every page of every document Plaintiff has filed in this case, and none have included a cogent, developed argument as to the legal merits of this case. Plaintiff's response to the pending summary judgment motion is no exception. The Court finds that, for all intents and purposes, Plaintiff's response amounts to an abandonment of his claims.

First, the response contravened the Court's order regarding page limitations. Despite the Court's denial of his motion to exceed the page limit, Plaintiff filed a twelve page "appendix" to his twenty-one page response brief, stating in a letter to the Court that he was "not going to try to weed through

---

[1] Ninety-seven pages if you count the attachment and appendix.

everything to find out what I can take out and what I can leave in to make that 20 pages." Letter, ECF No. 51. Rather, Plaintiff stated that he prayed about whether he could put the excess material in an appendix and "got yes." *Id.* Plaintiff was warned that the case would be dismissed for failure to prosecute and failure to comply with the Court's orders if Plaintiff failed to file a response of twenty pages or less. Order, ECF No. 50. Thus, his failure to abide by the Court's Order is one ground for dismissing this case without prejudice and without further notice to Plaintiff.

Second, Plaintiff's response brief failed to develop any meaningful legal argument regarding the merits of his challenge to Ohio Revised Code Sections 3513.257, 3513.261, and 3501.38(C), which the Court noted would be grounds for finding his claims abandoned.

Rather, the brief continues to quote from the movie *Lawrence of Arabia* and from the Bible. It describes how difficult it is for an independent presidential candidate to find an acceptable vice presidential running mate and that the decision of a vice president is not a choice to be lightly made. Plaintiff describes in detail his personal struggle to find a running mate. Moreover, Plaintiff describes his "beef" with Ohio's election laws, argues he suffered a concrete injury in his previous run for President of the United States, and seems to advocate for the implementation of a national election code. *Id.* at 10; *see also*, *id. generally*. In fact, Plaintiff's discussion of Ohio Revised Code Sections

3513.257, 3513.261, and 3501.38(C) comprises no more than two or three pages of his thirty-some page response brief.

The extent of Plaintiff's legal argument about the constitutionality of Ohio Revised Code § 3513.25 (which requires that an independent candidate name his or her vice presidential running mate before the candidate begins petitioning to obtain the required signatures) is to argue it is physically impossible to abide by the requirement and to implore the Court to "be reasonable" and permit him all the time he needs to find a vice presidential candidate.  Resp. 8, ECF No. 52.

Despite Plaintiff's contention that "[i]t doesn't just pile excessively burdensome requirements on a candidate to discourage him and get rid of him. It makes impossible demands on a candidate," *id.* at 10, Plaintiff has failed to offer any admissible evidence—or indeed any evidence at all—to support his factual contention that the requirement places an *impossible* restriction on a candidate.  As such, although Plaintiff's response brief could liberally be read to argue that there is a genuine issue of material fact as to whether an independent candidate can possibly abide by the requirement, Plaintiff has failed to raise a *genuine* issue of material fact as to the physical impossibility of complying with Ohio Revised Code § 3513.257.

As to Ohio Revised Code § 3501.38(C) (which requires that petition signers write their address exactly as it appears in the voter registration records), Plaintiff argues the requirement is an added burden "that goes beyond what the Constitution demands for participation in the system," but he offers no support for

that statement. *Id.* at 9. He asserts it is not practical to expect people to update their addresses with the board of elections, people forget where they are registered, "they put down dittos, etc." Resp. Ex. 1, PAGEID ## 899, 902, ECF No. 52-1.

Again, Plaintiff offers no evidence for these factual assertions about the ability of petition signers to write their voting address on the petition and offers no argument grounded in law about the extent of the burden the requirement imposes on voters or the State interests the requirement furthers.

Likewise, Plaintiff offers no argument about the constitutionality of Ohio Revised Code § 3513.261 (which requires nominating petitions for an independent candidate to be separated by county) but rather states conclusorily that there should be one common petition for all the counties in the State. Resp. 9, ECF No. 52.

"In this circuit, it is well-settled that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Pryor v. Holder*, 436 F. App'x 471 (6th Cir. 2011) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (other citations omitted)).

Here, despite the literally hundreds of pages Plaintiff has submitted describing his discontent with Ohio's and other states' election laws, he has failed to actually develop any meaningful argument as to the constitutionality of

Ohio Revised Code Sections 3513.257, 3501.38, or 3513.261.[2]  To rule on this

case, the Court would have to act as an advocate on behalf of Plaintiff—the

Court would have to entirely develop for Plaintiff an argument regarding the

severity of the burden the regulations impose (without the benefit of any

admissible evidence), which standard of scrutiny applies to each requirement,

and whether each requirement survives scrutiny.  The Court would then have to

determine whether, given those arguments, there are any genuine issues of

material fact.  As noted, Plaintiff has offered no admissible evidence regarding

the burden any of the regulations places on either potential voters or on

candidates.

The Court will not build Plaintiff's case for him.  *United States Secs. and*

*Exch. Comm'n v. Lowery.*, 633 F. Supp. 2d 466, 493 ("[T]he court cannot act as

an advocate for *pro se* parties . . . by articulating, developing, or substantiating

---

[2]     Plaintiff has repeatedly reiterated his position that it is "a giant waste of time to
wade through -- . . . case law . . ." Mot. 21, ECF No. 45, PAGEID # 659.  At most,
Plaintiff makes a passing reference to the Fourteenth Amendment of the United States
Constitution or refers in one sentence to a case he believes was wrongly decided and
then leaves the Court to put flesh on the bones of whatever argument he was
attempting to raise by those citations.
        For example, Plaintiff argues that *American Party of Texas v. White*, 415 U.S.
767 (1974), which Defendant cites in his motion for summary judgment, "never said you
can put impossible restrictions on a candidate."  Resp. 10, ECF No. 52.  As noted
above, Plaintiff has failed to raise a genuine issue of material fact that any of the three
requirements he challenges place an impossible restriction on independent candidates.
        Plaintiff also disagrees with *Storer v. Brown*'s proposition that ballot access laws
cannot be subjected to "any litmus-paper test that will separate valid from invalid
restrictions," 415 U.S. 724, 730 (1974), but his argument on the point is merely that the
case is one of the "most irrational, unjust and far-fetched cases ever written in law."
Resp. Ex. 1, PAGEID # 900, ECF No. 52-1.

arguments with specific relevant evidence and authority when the party himself has not done so."). Rather, the Court finds that Plaintiff's repeated failures to submit any evidence in support of Defendant's motion for summary judgment or to cogently explain any legal basis for his claims, especially in the face of an express warning by the Court to do so, amounts to an abandonment of those claims. The Court thus **GRANTS** Defendant summary judgment.

The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT